United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRINCE McCOY, (TDCJ # 00852958), § § § *Plaintiff,* § § vs. § § § JENNIFER HELM, *et al.*, § § *Defendants.* § | CIVIL ACTION NO. H-25-6393 |

## MEMORANDUM OPINION AND ORDER

Prince McCoy, (TDCJ #00852958), is currently incarcerated at the Estelle Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. Proceeding *pro se*, he filed a civil rights complaint under 42 U.S.C. § 1983 against multiple TDCJ officials relating to an incident that occurred on April 30, 2025. (Dkt. 1). McCoy alleges claims for excessive force, retaliation, and deliberate indifference to the injuries he suffered. (*Id.*). In addition, he alleges that the defendants brought false disciplinary charges against him because of the incident and refused to process his grievances. (*Id.*). McCoy also filed a motion seeking leave to proceed *in forma pauperis*, but he did not include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a). (Dkt. 2). Because McCoy is no longer entitled to proceed *in forma pauperis*, his action is

dismissed as explained below.

## I. DISCUSSION

McCoy is incarcerated, so his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, since McCoy has been incarcerated, he has filed at least three civil actions and appeals that the courts have dismissed as frivolous or for failing to state a claim upon which relief could be granted. *See McCoy v. Norwood, et al.*, Appeal No. 19-10789 (5th Cir. Aug. 27, 2020) (dismissed as frivolous); *McCoy v. Stokes, et al.*, Civil No. 2:18-cv-153 (N.D. Tex. June 14, 2021) (dismissed as frivolous); *McCoy v. Vogelgesang, et al.*, No. 2:19-cv-24 (N.D. Tex. Feb. 18, 2022) (dismissed for failing to state a claim); *McCoy v. Delone, et al.*, No. 1:20-cv-484 (E.D. Tex. Mar. 21, 2023) (dismissed for failing to state a claim); *McCoy v. Woodward, et al.*, No. 1:21-cv-166 (E.D. Tex. Nov. 16, 2023) (dismissed for failing

to state a claim); *McCoy v. Turner, et al.*, No. 1:21-cv-223 (E.D. Tex. Dec. 11, 2023) (dismissed for failing to state a claim); *McCoy v. Newton, et al,*, No. 1:21-cv-211 (E.D. Tex. July 19, 2024) (dismissed as frivolous and for failing to state a claim); *McCoy v. Boyce, et al.*, No. 1:21-cv-281 (E.D. Tex. July 19, 2024) (dismissed as frivolous and for failing to state a claim); *McCoy v. Keal, et al.*, No. 1:21-cv-192 (E.D. Tex. Aug. 26, 2024) (dismissed for failing to state a claim). As a result of these prior filings, McCoy may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also*

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013).

McCoy's complaint, which seeks money damages based on alleged violations of his rights in April and May 2025, contains only allegations of past harm. He does not allege facts showing that he is in imminent danger of serious physical injury from the defendants at this time, and so he does not fall within the imminent-danger exception to the three-strikes rule. Therefore, because of his prior filings, McCoy is not entitled to proceed *in forma pauperis* in this action.

## II.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil rights action filed by Prince McCoy, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot**.

3. McCoy may move to reinstate this case only if he pays the full amount of the

filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Jan. 12___, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE